CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 30 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| ANTONIO SHEPPARD WILLIAMS, ) | Civil Action No. 7:17-cv-00475 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| GAIL JONES, ) | By: Hon. Michael F. Urbanski | |
| Defendant. ) | Chief United States District Judge | |

Antonio Sheppard Williams, a Virginia inmate proceeding <u>pro se</u>, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff names correctional official Gail Jones as the sole defendant. Plaintiff alleges that Jones "negligente [sic] my transfer right by violated DOC re-entry program transfer inmates like me go home next year, by transfer me to Red Onion Prison that don't got no re-entry program for me." Plaintiff feels he should have been transferred to a different prison that has a re-entry program. Plaintiff also faults Jones because Plaintiff's cellmate at Red Onion State Prison "blooded [his] nose." Plaintiff wants damages for being at Red Onion State Prison between August and November 2017.

The court must dismiss an action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. <u>See</u> 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to

relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[1] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

The complaint is dismissed without prejudice for failing to state a claim upon which relief may be granted, but Plaintiff is granted leave to amend within ten days. See, e.g., Goode v. Cent. Va. Legal Aid Soc'y, Inc., 807 F.3d 619, 623-24 (4th Cir. 2015); see also Ryan v. Gonzales, 568 U.S. 57, 74 (2013) ("We do not presume that district courts need unsolicited advice from us on how to manage their dockets."). An inmate has no constitutional right to be housed in any particular prison. See, e.g., Meachum v. Fano, 427 U.S. 215 (1976). Also, an inmate does not have a constitutional right to be placed in a specific security classification, custodial classifications do not create a major disruption in a prisoner's environment, and Plaintiff fails to describe an atypical and significant hardship in relation to the ordinary incidents of prison life. See, e.g., Sandin v. Conner, 515 U.S. 472, 486-87 (1995). Plaintiff fails to establish Jones' culpable state of mind for an alleged failure to protect Plaintiff from the cellmate. See, e.g., Farmer v. Brennan, 511 U.S. 825, 833-34 (1994). Although Plaintiff alleges that Jones violated VDOC procedures by transferring him to Red Onion State Prison, a claim that prison officials have not followed their own independent policies or procedures also does not

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

state a constitutional claim. See, e.g., United States v. Caceres, 440 U.S. 741, 752-55 (1979); Riccio v. Cnty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990).

Plaintiff may find it preferable to take longer than ten days to consult legal resources, think about his allegations, and file a new complaint in a new and separate action. If Plaintiff chooses not to file the motion to amend within ten days, Plaintiff would not be prejudiced because he is free to file a complaint in a new and separate action at the time of his choice subject to the applicable limitations period. See, e.g., Owens v. Okure, 488 U.S. 235, 249-50 (1989); Va. Code § 8.01-243(A).

If Plaintiff instead rushes and chooses to seek an amendment in this case, he should know that the court may dismiss an amended complaint with prejudice as frivolous or for failing to state a claim upon which relief may be granted, which could constitute a "strike." Plaintiff should understand that he is allowed only three "strikes" from both complaints in district courts and appeals in courts of appeals before he is no longer allowed to proceed in forma pauperis without prepaying the $400 filing fee absent certain conditions. Congress created this "three-strikes" rule as an economic incentive for prisoners to "stop and think" before pursuing a lawsuit. See, e.g., Rogers v. Bluhm, No. 1:07cv1177, 2007 U.S. Dist. LEXIS 91646, 2007 WL 440187, at *1 (W.D. Mich. Dec. 13, 2007).

ENTER: This 30th day of November, 2017.

Chief United States District Judge