CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 08 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANTONIO SHEPPARD WILLIAMS, Plaintiff, | Civil Action No. 7:17-cv-00475 |
| v. | MEMORANDUM OPINION |
| GALE JONES, Defendant. | By: Hon. Michael F. Urbanski<br>Chief United States District Judge |

Antonio Sheppard Williams, a Virginia inmate proceeding pro se, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff names Gale Jones, who is the Classification Supervisor for the Virginia Department of Corrections ("VDOC"), as the sole defendant.[1] Plaintiff alleges that Defendant ordered his transfer to Red Onion State Prison ("ROSP") as retaliation for commencing a civil action against staff at Sussex II State Prison ("Sussex II"). Defendant filed a motion for summary judgment, and the time for Plaintiff to respond expired, making this matter ripe for disposition. After reviewing the record, the court grants Defendant's motion for summary judgment because Plaintiff failed to exhaust available administrative remedies.

I.

On April 11, 2017, the Institutional Classification Authority ("ICA") at Sussex II recommended that Plaintiff's security score be increased to Level 5 in part due to his significant prison disciplinary convictions. The ICA recommended that Plaintiff be transferred to Red Onion, Sussex I State Prison ("Sussex I"), or Wallens Ridge State Prison ("WRSP"). On April 20, 2017, Defendant approved the ICA's recommendation that Plaintiff's security score be increased, but she did not determine to which prison Plaintiff should be transferred.

---

[1] Jones was misidentified in the complaint as Gail Jones.

About a month later on May 19 and 24, 2017, staff at Sussex II allegedly assaulted Plaintiff. Plaintiff commenced a civil action about the alleged assault in the United States District Court for the Eastern District of Virginia in early June 2017.

Plaintiff was transferred from Sussex II to ROSP on August 8, 2017. Plaintiff commenced this action on October 5, 2017, and Plaintiff left ROSP on November 15, 2017, when he was transferred to Sussex I State Prison ("Sussex I").

Plaintiff did not file a pertinent regular grievance about these events. In late April 2017, Plaintiff filed an informal complaint about being transferred to Red Onion. In early September 2017, Plaintiff filed an informal complaint requesting a transfer to Sussex I or WRSP so that he could participate in re-entry programming.[2]

## II.
### A.

A party is entitled to summary judgment if the pleadings, the disclosed materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). Material facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if, in viewing admissible evidence and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial. Id. at

---

[2] Plaintiff's anticipated good time release date is October 2, 2018.

2

322-24. A party is entitled to summary judgment if the admissible evidence as a whole could not lead a rational trier of fact to find in favor of the non-movant. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995). A plaintiff cannot use a response to a motion for summary judgment to amend or correct a complaint challenged by the motion for summary judgment. Cloaninger v. McDevitt, 555 F.3d 324, 336 (4th Cir. 2009).

## B.

Defendant argues in the motion for summary judgment that Plaintiff failed to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and "applies to all inmate suits about prison life[.]" Porter v. Nussle, 534 U.S. 516, 524, 532 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90 (2006). When a prison provides an administrative grievance procedure, the inmate must file a grievance raising a particular claim and pursue it through all available levels of appeal to "properly exhaust." Id.; Dixon v. Page, 291 F.3d 485, 490-91 (7th Cir. 2002). Once a defendant presents evidence of a failure to exhaust, the burden of proof shifts to the plaintiff to show, by a preponderance of the evidence, that exhaustion occurred or administrative remedies were unavailable through no fault of the plaintiff. See, e.g., Tuckel v. Grover, 660 F.3d 1249, 1254 (10th Cir. 2011); Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). "When an administrative process is susceptible of multiple reasonable interpretations, Congress has determined that the inmate should err on the side of exhaustion." Ross v. Blake, 578 U.S. __, 136 S. Ct. 1850, 1859 (2016).

OP 866.1, "Offender Grievance Procedure," provides the administrative remedies for inmates to resolve complaints, appeal administrative decisions, and challenge policies and procedures. All issues are grievable except issues about policies, procedures, and decisions of the Virginia Parole Board; disciplinary hearing penalties and/or procedural errors; state and federal court decisions, laws, and regulations; and other matters beyond the VDOC's control. Inmates are oriented to the inmate grievance procedure when they enter the VDOC's custody and when they are transferred to other VDOC facilities.

Before submitting a grievance, an inmate must make a good-faith effort to informally resolve the issue by submitting an informal complaint form, which is available in housing units.[3] If the issue is not informally resolved, the inmate must file a regular grievance within thirty calendar days from the date of, or discovery of, the incident except in certain circumstances like events beyond the inmate's control.[4] If an inmate has been transferred since the occurrence or incident, the inmate should still submit the informal complaint and grievance to the facility where the incident occurred.

It is uncontroverted that Plaintiff did not file a regular grievance within thirty days of the alleged retaliatory transfer. Although Plaintiff did not believe he had administrative remedies available because of his transfer, OP 866.1 still provided a remedy. An administrative remedy process does not become "unavailable" when an inmate does not comply with procedural rules. Woodford v. Ngo, 548 U.S. 81, 95 (2006). A court may not excuse a failure to exhaust available

---

[3] An inmate is not required, however, to file an informal complaint about an alleged incident of sexual abuse.
[4] Grievances that are accepted at intake receive up to three levels of review. A warden conducts the first, "Level I" review. If the inmate is unsatisfied with the Level I determination, the inmate may appeal the determination within five days of receipt to Level II, which is usually done by a regional ombudsman. For most issues, Level II is the final level of review. For the few issues appealable to Level III, the inmate may appeal the Level II determination within five days of receipt to a deputy director or the Director of the VDOC.

remedies, even to take into account "special circumstances." Ross, 136 S. Ct. at 1856.

Accordingly, Plaintiff fails to carry his burden to show exhaustion occurred or that remedies were made unavailable through no fault of his own, and Defendant is entitled to summary judgment.

### III.

For the foregoing reason, the court grants Defendant's motion for summary judgment.

ENTER: This 7th day of May, 2018.

/s/ Michael F. Urbanski
Chief United States District Judge